IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3158-D

| | |
|---|---|
| ROBERT S. DOISEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| VALERIE MITCHELL ASBELL, ) | |
| ) | |
| Defendant. ) | |

On April 18, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 7]. In that M&R, Judge Numbers recommended that the court dismiss Robert S. Doisey's ("Doisey") complaint without prejudice. On April 27, 2016, Doisey filed objections to the M&R [D.E. 8].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance

a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (emphasis and quotation omitted).

The court has reviewed the M&R, the record, and Doisey's objections. Doisey challenges the state court's denial of his post-conviction request "for DNA testing of biological evidence in defendant's custody and control." Compl. [D.E. 1] 3; see Skinner v. Switzer, 562 U.S. 521, 534 (2011) (holding that a convicted state prisoner may use 42 U.S.C. § 1983 to assert a claim seeking DNA testing of crime-scene evidence). Judge Numbers recommended dismissing this claim for lack of subject-matter jurisdiction. See M&R [D.E. 7] at 3–4. In support, Judge Numbers cited Muhammad v. Green, in which the Fourth Circuit stated:

> [W]e find that this action is subject to dismissal . . . . First, there is no substantive due process right to the postconviction preservation and testing of DNA evidence. District Attorney's Office for the Third Judicial Circuit v. Osborne, 557 U.S. 52, 72, 129 S. Ct. 2308, 174 L.Ed.2d 38 (2009); see also Skinner, 562 U.S. at 525, 131 S. Ct. 1289. Second, with respect to the claimed violation of procedural due process, we note that Muhammad does not claim that [the state statute controlling the preservation of evidence for potential DNA testing] is itself invalid. Rather, he contends that the state circuit court erroneously applied the statute in deciding his case. Lower federal courts lack jurisdiction over this claim under the Rooker–Feldman doctrine. Cf. Skinner, 562 U.S. at 531–32, 131 S. Ct. 1289; see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005).

Muhammad v. Green, No. 15-6638, 2016 WL 519115, at *1 (4th Cir. Feb. 10, 2016) (per curiam) (unpublished).

In his objections, Doisey is challenging adverse state-court decisions and simply argues that Judge Numbers misinterpreted Skinner. See [D.E. 8] 2–5. The court rejects the argument. See M&R at 3–4.

2

In sum, after reviewing the M&R, the record, and Doisey's objections, the court OVERRULES Doisey's objections [D.E. 8] and adopts the conclusions in the M&R [D.E. 7]. Doisey's complaint is DISMISSED without prejudice. The clerk shall close the case.

SO ORDERED. This 10 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge